UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER FRANKLIN, | No. 2:23-cv-1039 KJN P |
| Petitioner, | |
| v. | ORDER |
| C. PFEIFFER, Warden, | |
| Respondent. | |

Petitioner, a state prisoner, proceeds pro se and in forma pauperis, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 29, 2023, it was recommended that this action be dismissed based on petitioner's failure to exhaust state court remedies. On July 5, 2023, petitioner filed a motion to amend, and on July 11, 2023, petitioner filed objections. As discussed below, petitioner's motion to amend is granted, and the findings and recommendations are vacated.

Motion to Amend

Petitioner seeks leave to amend his petition to include an ineffective assistance of counsel claim. Under the circumstances presented here, petitioner may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). Thus, petitioner's motion to amend is granted. Petitioner is advised that Rule 2 of the Rules Governing Section 2254 Cases provides that the

1

petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Petitioner asked whether he is allowed to use jailhouse lawyers. (ECF No. 10 at 1.) Petitioner is allowed to use jailhouse lawyers or inmate law clerks, or other inmates who may be able to assist him. Also, petitioner inquired whether he could have been found guilty at retrial of the charges which were reversed on appeal due to insufficient evidence. (ECF No. 10 at 2.) The court is not permitted to provide legal advice or advisory opinions.

Findings and Recommendations

Petitioner objects that he has exhausted his state court remedies and provides various case numbers that demonstrate his case was remanded to the state superior court on July 27, 2021, for re-sentencing, not a new trial. People v. Franklin, Case No. 15F06717.[1] See also People v. Franklin, No. C089644, 2021 WL 3163123, at *8 (Cal. Ct. App. July 27, 2021), review denied (Sept. 29, 2021) (remanded for new sentencing hearing under California Penal Code § 1170.91). Petitioner claims appellate counsel filed a petition for review in the California Supreme Court. California Supreme Court records confirm that petitioner filed a petition for review that was denied on September 29, 2021. People v. Franklin, Case No. S270551.[2]

---

[1] Petitioner was earlier provided a new trial. On September 6, 2018, the state appellate court reversed and dismissed count two, and counts one, three and four were reversed and remanded for retrial if the People so elected. People v. Franklin, No. C083294, 2018 WL 4235100, at *8 (Cal. Ct. App. Sept. 6, 2018). Petitioner was retried in April of 2019. Case No. 15F06717.

[2] Petitioner's May 19, 2023 conviction is not yet final. Petitioner was resentenced on May 19, 2023, and his time to file an appeal has not yet expired. In re Jordan, 4 Cal.4th 116 (Dec. 7, 1992, Cal. S. Ct.). As of July 14, 2023, petitioner had not filed an appeal of the May 19, 2023 conviction. Case No. 15F06717. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose

2

Exhaustion

It is unclear whether petitioner has presented the proposed ineffective assistance of counsel claim to the California Supreme Court. As petitioner was previously informed, each claim raised in his federal habeas petition must be presented to the California Supreme Court. (ECF No. 8 at 1-2.) Petitioner is also provided additional information concerning exhaustion in the attached notice. Petitioner is not required to await further orders in this case before returning to state court to properly exhaust his state court remedies.[3]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion to amend (ECF No. 10) is granted;

2. Petitioner shall file an amended petition within thirty days from the date of this order; any amended petition must bear the case number assigned to this action and the title "Amended Petition";

3. The June 29, 2023 findings and recommendations (ECF No. 8) are vacated; and

4. The Clerk of the Court is directed to send petitioner the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Dated: July 20, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fran1039.mta

---

accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

[3] Petitioner is advised that the California Supreme Court website lists only four cases filed by petitioner: (1) No. S270551 (referencing Court of Appeal No. C089644 and Superior Court No. 15F06717), petitioner for review denied September 29, 2021; (2) No. S247229 habeas petition denied June 13, 2018; (3) No. S174610 habeas petition denied December 17, 2009; and (4) No. S129751 habeas petition denied November 2, 2005. <www.courts.ca.gov>

**NOTICE TO PRO SE HABEAS PETITIONER REGARDING EXHAUSTION**

Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982)(explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

If you have not yet presented all of your claims to the highest state court, you may request the federal court to place your federal habeas petition on hold while you return to state court(s) in order to fully exhaust your claim(s). This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any motion you file for a stay should specify which type of stay you are seeking.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). You should address all three of these factors if you are requesting a Rhines stay. If the court grants your request for a Rhines stay, the entire federal habeas petition including the unexhausted claim(s) will be put on hold. It does not require you to file any amended federal habeas petition.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition. This is a more cumbersome

procedure than a Rhines stay because it requires you to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely. Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment). Nothing in this notice prevents you from returning to state court while there is a pending motion to dismiss your federal habeas petition based on lack of exhaustion. If the state court issues a ruling on your constitutional claim(s) while your federal habeas case is pending, you should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.