UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER FRANKLIN,<br><br>Petitioner,<br><br>v.<br><br>C. PFEIFFER, Warden,<br><br>Respondent. | No. 2:23-cv-1039 KJN P<br><br><br><br>ORDER |

Petitioner, a state prisoner, proceeds pro se and in forma pauperis, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 21, 2023, petitioner's motion to amend was granted, and he was granted thirty days in which to file an amended petition. On August 4, 2023, petitioner filed a motion for extension of time and a request to retract his motion to amend. As discussed below, petitioner's motion for extension of time is granted, and his motion to retract his motion to amend is partially granted.

Petitioner has been advised that he must exhaust all claims in the California Supreme Court. (ECF No. 8 at 1-2.) In the July 21, 2023 order, petitioner was advised that it was unclear whether petitioner had presented the proposed ineffective assistance of counsel claim to the California Supreme Court, and that petitioner need not await further orders in this case before returning to state court to properly exhaust his state court remedies. Petitioner was provided

information concerning seeking a stay of this action pending his return to state court to exhaust.

Petitioner seeks an extension of time to determine which stay he intends to seek. Good cause appearing, petitioner's request for an extension of time is granted. Petitioner's motion to retract his motion to amend is partially granted. Rather than retract the motion, however, petitioner is relieved of his obligation to file an amended petition, and he is granted thirty days to file a motion for stay.

IT IS HEREBY ORDERED that:

1. Petitioner's motion for extension (ECF No. 13) is granted;

2. Petitioner is relieved of his obligation to file an amended petition; and

3. Petitioner shall file a motion for stay within thirty days from the date of this order.

Dated:  August 11, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/fran1039.111

**NOTICE TO PRO SE HABEAS PETITIONER REGARDING EXHAUSTION**

Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982)(explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

If you have not yet presented all of your claims to the highest state court, you may request the federal court to place your federal habeas petition on hold while you return to state court(s) in order to fully exhaust your claim(s). This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any motion you file for a stay should specify which type of stay you are seeking.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). You should address all three of these factors if you are requesting a Rhines stay. If the court grants your request for a Rhines stay, the entire federal habeas petition including the unexhausted claim(s) will be put on hold. It does not require you to file any amended federal habeas petition.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition. This is a more cumbersome

3

procedure than a Rhines stay because it requires you to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely. Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment). Nothing in this notice prevents you from returning to state court while there is a pending motion to dismiss your federal habeas petition based on lack of exhaustion. If the state court issues a ruling on your constitutional claim(s) while your federal habeas case is pending, you should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.