UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER FRANKLIN, | No. 2:23-cv-1039 KJN P |
| Petitioner, | |
| v. | ORDER |
| C. PFEIFFER, Warden, | |
| Respondent. | |

Petitioner, a state prisoner, proceeds pro se and in forma pauperis, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's motion for stay is before the court. As discussed below, petitioner's motion for stay is granted.

Background

On June 1, 2023, petitioner filed a petition for writ of habeas corpus challenging his 2023 Sacramento County Superior Court conviction for first degree murder, attempted murder, assault by means of force likely to produce great bodily injury, and three counts of carrying a concealed firearm. (ECF No. 1.) Petitioner raises the following cognizable grounds for relief: (1) and (8) insufficient evidence to support the murder, attempted murder and associated firearm charges; (2) ineffective assistance of counsel for failing to object to petitioner's absence from hearings, failure to move for a speedy trial, and other failures to object; (3) improper impeachment based on a

1

misdemeanor crime; (4) insufficient evidence to support assault conviction; and (8).[1] The petition appears to be wholly unexhausted.

On August 11, 2023, petitioner was provided information concerning the two motions for stay and abeyance that are available to him. (ECF No. 14 at 3-4.) On August 21, 2023, petitioner moved to stay the instant petition under Rhines v. Weber, 544 U.S. 269 (2005).

Discussion

Stay and Abeyance

A petitioner in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995). If petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

Under Rhines, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. 544 U.S. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding district court has discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). However, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277-78. Additionally, in the Ninth Circuit there is an alternative stay procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). Under Kelly, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance

---

[1] Petitioner's claims 5, 6, 7 and 9 are not based on constitutional challenges to his conviction and therefore are not cognizable federal habeas claims.

while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. 315 F.3d at 1070-71.

The Ninth Circuit has "noted the important distinctions between the Rhines and Kelly procedures." King v. Ryan, 564 F.3d 1133, 1139 (9th Cir. 2009). "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court. In contrast, the three-step procedure outlined in Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. 1139-40 (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)). "Kelly is not only a more cumbersome procedure for petitioners, but also a riskier one. A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41.

Good Cause

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005); and Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake, 745 F.3d at 982.

Although not specifically stated, petitioner appears to claim confusion as to the state and federal rules governing habeas procedures and timeliness. See Bernhardt v. Los Angeles County,

3

339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe pro se pleadings and motions liberally).  Therefore, the court finds petitioner has satisfied Rhines' good cause requirement.  See Pace, 544 U.S. at 416 ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.").

Potentially Meritorious Unexhausted Claims

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017).  "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" Id. (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)).

Here, it is not clear that petitioner has no hope of prevailing on the unexhausted claims set forth above, and at least one of petitioner's unexhausted claims appears on its face to not be "plainly meritless."  See Strickland v. Washington, 466 U.S. 668 (1984) (failure to object to petitioner's absence at court hearings).

Conclusion

Petitioner has established good cause for his failure to exhaust, and at least one of his unexhausted claims appears on its face to not be plainly meritless.  There is no indication that petitioner engaged in "intentionally dilatory tactics."  Rhines, 544 U.S. at 278.  Indeed, petitioner has filed a petition for writ of habeas corpus in the Sacramento County Superior Court, No. 23HC00326.  (ECF No. 15 at 1-2.)

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay (ECF No. 15) is granted;

2. This action is stayed pending exhaustion of state court remedies with respect to petitioner's unexhausted claims;

3. This action shall not proceed further unless and until petitioner files a motion to lift the stay, which shall be filed within thirty days from the date of any final order by the California Supreme Court resolving his state exhaustion petition; and

  4. The Clerk of the Court is directed to administratively close this case.

Dated:  September 26, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/fran1039.styg